IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NORMA BURDEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 05-0582-WS-M |
| | ) |
| INTERNATIONAL LONGSHOREMAN, | ) |
|  et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on a motion to dismiss filed by defendants Lloyd Gandy, Otis Washington and Harold Thomas ("the movants"). (Doc. 30). The plaintiff declined the opportunity to file a response, (Doc. 34), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion is due to be granted.

The complaint names as defendants International Longshoremen's Association Local 1410[1] ("Local 1410") and nine individuals. The complaint alleges that eight of the individual defendants, including the movants, sexually harassed the plaintiff. (Doc. 1 at 1, 2; Doc. 4 at 2, 6-8).[2] The only cause of action asserted in the complaint against the movants is discrimination on the basis of sex in violation of Title VII. (Doc. 1 at 2). The movants argue that they cannot be sued as individual under this statute. (Doc. 30).

"[W]e now expressly hold that relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, regardless of whether the employer is a public company or a private company." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006)(emphasis omitted). Local 1410, of course, is not the

---

[1]The complaint describes this defendant as "Internation Longshoreman State Dock." That defendant has appeared under the more likely name given in text.

[2]The Court previously granted the plaintiff's motion to amend her complaint to include the materials associated with Document 4. (Doc. 6).

plaintiff's employer. It does, however, constitute a "labor organization" for purposes of the same anti-discrimination statute. 42 U.S.C. § 2000e(d); *id*. § 2000e-2(c). Although the Eleventh Circuit appears never to have addressed the issue, other courts have easily concluded that the same prohibition on individual liability that obtains under *Dearth* and its predecessors in the case of employers applies as well to labor organizations. *Alexander v. Local 496*, 177 F.3d 394, 418 n.7 (6th Cir. 1999)(Batchelder, J., concurring in part and dissenting in part); *O'Connor v. City of St. Paul*, 2001 WL 1677605 at *3 (D. Minn. 2001).

It is true that Title VII defines a "labor organization," which may be sued, to include "any agent of such an organization." 42 U.S.C. § 2000e(d). However, as the Eleventh Circuit has noted in the context of the Americans with Disabilities Act, "the 'agent' language was included to ensure respondeat superior liability of the employer for the acts of its agents," not to provide for individual liability of the entity's agents. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996).

As discussed in an earlier order granting the motion to dismiss filed by Clayborne Taite, (Doc. 28), the Court concludes that the movants cannot be held individually liable under the plaintiff's Title VII claim. Because the plaintiff does not purport to sue the movants in any official capacity, and because any such suit would be superfluous given that Local 1410 is itself a defendant,[3] the movants' motion to dismiss is due to be granted.

The plaintiff has not filed a motion for leave to amend her complaint. Ordinarily, such a failure would make it appropriate to dismiss without leave to file an amended complaint. *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)(en banc). Because the plaintiff is not represented by counsel, however, the Court will assume that the rule of *Wagner* does not apply.[4] And because the movants have not argued that any

---

[3] *E.g., Shoecraft v. University of Houston-Victoria*, 2006 WL 870432 at *4 (S.D. Tex. 2006); *Garrison v. Montgomery County Board of Education*, 2006 WL 625876 at *4 (M.D. Ala. 2006); *see also Stavropoulos v. Firestone*, 361 F.3d 610, 615 n.4 (11th Cir. 2004)(noting the trial court's dismissal of a Title VII claim against an individual in his official capacity on this basis).

[4] *See id.* at 542 n.1 ("In this opinion, we decide and intimate nothing about a party proceeding pro se.").

amendment would be futile,[5] the Court will assume that the plaintiff could by amendment possibly state a claim upon which relief can be granted.

For the reasons set forth above, the movants' motion to dismiss is **granted**, subject to the right of the plaintiff to file an amended complaint on or before **June 22, 2006** stating a cause of action against the movants, failing which her action as against them will be dismissed without prejudice.

DONE and ORDERED this 6th day of June, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[5]*See, e.g., Hall v. United Insurance Co.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).