IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NORMA BURDEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 05-0582-WS-M |
| | ) |
| **INTERNATIONAL LONGSHOREMEN'S** | ) |
| **ASSOCIATION, LOCAL # 1410, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for an extension of time on filing an appeal. (Doc. 95). The motion, filed by the plaintiff pro se, states that "I need more time to [o]btain an Attorney."

> The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). If a party files its motion to extend within the original appeal period, the standard for reviewing its motion is that of good cause; if the party files its motion to extend only after the original period has expired, the standard is that of excusable neglect. *Cannabis Action Network, Inc. v. City of Gainesville*, 231 F.3d 761, 766 (11th Cir. 2000). Thus, the initial question is when the plaintiff's motion was filed relative to this deadline.

"In a civil case, ... the notice of appeal ... must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). The judgment in this case was entered on May 15, 2007. (Doc. 91). The motion, filed June 20, 2007, was filed more than 30 days later.

However, "[i]f a party timely files in the district court any of the following motions ..., the time to file an appeal runs ... from the entry of the order disposing of the last such remaining motion: ... to alter or amend the judgment under Rule 59." Fed. R. App. P. 4(a)(4)(A)(iv).  "Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute ...." *Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir. 1988).  The plaintiff timely filed such a motion for reconsideration.  (Doc. 92). Thus, the 30-day appeal period began to run on the day the Court denied the motion for reconsideration, i.e., May 21, 2007.  (Doc. 93).  Because the plaintiff's pending motion for extension of time was filed on the thirtieth day thereafter, it is governed by the "good cause" standard.

The good cause standard "should be interpreted flexibly." *Meek v. Metropolitan Dade County*, 908 F.2d 1540, 1544 (11th Cir. 1990) (good cause existed when the clerk gave counsel incorrect information as to when the order appealed from had been entered). Flexibly, but not infinitely so.  Thus, when a party "claim[ed] its failure to timely appeal was due to its inability to obtain qualified appellate counsel," the Fifth Circuit responded that, "[n]eedless to say, this is not a sufficient basis for the requisite good cause or excusable neglect; and [the appellant] has cited no case holding that it is." *Sprint Communications Co. LP v. Ucon Telecommunications Network, Inc.*, 138 Fed. Appx. 607, 609 (5th Cir. 2005); *accord Pitts v. Horton*, 1987 WL 44598 at *1 (4th Cir. 1987) ("[The appellant's] pro se status is not, by itself, sufficient good cause to justify an extension" of the time to appeal); *cf. Nelson v. Barden*, 145 Fed. Appx. 303, 311 n.10 (11th Cir. 2005) ("[B]oth the Supreme Court and this Court have concluded that a defendant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules.").

The plaintiff filed her complaint pro se in October 2005.  (Doc. 1).  Counsel entered an appearance in June 2006, (Doc. 38), but withdrew effective February 8, 2007. (Doc. 68).  The plaintiff was notified on January 22, and again on February 15, that "this

action will not be stayed so Plaintiff can attempt to hire a new attorney." (Doc. 71 at 1). On April 30, 2007, the Court granted several defendants summary judgment and ordered the plaintiff to show cause why the final two defendants should not be dismissed for failure to serve process on them. (Docs. 86, 87). Judgment was entered May 15, 2007, after the plaintiff failed to effectively respond. (Doc. 91). In denying the plaintiff's motion for reconsideration, the Court expressly warned the plaintiff that there was a deadline for filing a notice of appeal. (Doc. 93). On June 11, 2007, a lawyer who declined to take her case again warned that "it appears that you must file a notice of appeal in the case on or before June 20, 2007." (Doc. 95 at 2).

In short, the plaintiff has been without counsel for months and has been warned about the consequences, the need to file a notice of appeal, and the deadline for doing so. The plaintiff has simply declined to file the notice of appeal before obtaining a lawyer. As the cited authorities make clear, such conduct does not constitute good cause for extending the deadline for filing a notice of appeal. While the plaintiff's motion is governed by the good cause standard, it is plain that her preference not to file a notice of appeal on her own does not constitute excusable neglect, either. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect,'"[1] and the plaintiff here has not even these inadequate excuses. Rather, knowing perfectly well that a notice of appeal was due by June 20, and fully capable of filing such a notice on her own (as her filing of her motion reflects), she nevertheless elected not to do so. Finally, the plaintiff's motion may not be construed as a notice of appeal. *Harris v. Ballard*, 158 F.3d 1164, 1166 (11th Cir. 1998).

For the reasons set forth above, the plaintiff's motion for an extension on filing an appeal is **denied**.

---

[1] *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) (internal quotes omitted).

DONE and ORDERED this 22nd day of June, 2007.

                                                    <u>s/ WILLIAM H. STEELE</u>
                                                   UNITED STATES DISTRICT JUDGE